## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

SCOTTSDALE INSURANCE COMPANY,   )
INC.,   )
   )
        **Plaintiffs,**   )
   )
**v.**   )     **Case No. 06-CV-0359-CVE-SAJ**
   )
OKLAHOMA TRANSIT AUTHORITY, INC.,   )
GARY CUPPS and KAREN CUPPS,   )
   )
        **Defendants and**   )
        **Third-Party Plaintiffs,**   )
   )
**v.**   )
   )
BOB TURNER and JOE WEST COMPANY,   )
   )
        **Third-Party Defendants.**   )

## OPINION AND ORDER

Now before the Court is the Motion to Dismiss as Sanction for Failure to Comply with April 23, 2007 Order of the Court (Dkt. # 39) filed by third-party defendants Bob Turner and Joe West Company ("third-party defendants"). Pursuant to Fed. R. Civ. P. 41(b), the third-party defendants ask the Court to dismiss defendants/third-party plaintiffs' third party claims as a sanction for their failure to obtain new counsel within the time provided in the Court's April 23, 2007 order (Dkt. # 37).

### I.

Scottsdale Insurance Company ("Scottsdale") filed a lawsuit against defendants Gary Cupps, Karen Cupps, and Oklahoma Transit Authority, Inc. for reimbursement under an insurance policy. Defendants were originally represented by Michael Shiflet, and they filed a third-party complaint

against Bob Turner and Joe West Company alleging that the third-party defendants had a duty to insure defendants against Scottsdale's claim.  When Shiflet entered an appearance in this case, he was employed by the law firm of Frasier, Frasier, & Hickman, LLP.  On February 14, 2007, Shiflet filed a motion to withdraw as counsel because he was no longer employed by that firm.  Another attorney with Frasier, Frasier, & Hickman, Frank W. Frasier, simultaneously entered an appearance on defendants' behalf.

Frasier filed a motion to withdraw as counsel of record (Dkt. # 36), and stated that he provided reasonable notice to his clients and other parties as required by LCvR 83.5.  On April 23, 2007, the Court conditionally granted Frasier's motion to withdraw, but defendants were ordered to obtain new counsel before the withdrawal would become effective.  (Dkt. # 37).  Defendants were given 20 days to locate new counsel or, in the alternative, the individual defendants could file a notice with the Court of their intention to proceed in propria persona.  Oklahoma Transit Authority, Inc., as a corporation, could appear through counsel only, and it was required to obtain new counsel.  By May 13, 2007, new counsel had not entered an appearance for any of the defendants.  On May 21, 2007, the third-party defendants filed a motion to dismiss as a sanction for failing to comply with the Court's April 23, 2007 order.

The Court ordered defendants to show cause why they had not complied with the Court's order, and it noted that "[f]ailure to comply . . . could result in dismissal of defendants' third-party claims against Bob Turner and Joe West Company."  Dkt. # 40.  Defendants responded to the order to show cause on June 7, 2007.  They stated that they repeatedly attempted to contact Frasier about this case, but Frasier had not responded to them.  They also claimed that they were actively seeking new counsel, but had thus far been unable to find a new attorney willing to represent them.

Defendants requested an additional 30 days to locate new counsel and, if they had not obtained new counsel, the individual defendants would enter an appearance pro se. The Court granted defendants' request for an extension of time, and allowed a final extension of time until July 9, 2007 for plaintiffs' to comply with the Court's April 23, 2007 order. On July 5, 2007, Jeffrey Martin entered an appearance on behalf of Gary Cupps, Karen Cupps, and Oklahoma Transit Authority, Inc.

## II.

The third-party defendants have moved to dismiss the third-party claims filed by defendants/third-party plaintiffs. The legal basis for third-party defendants' motion is Fed. R. Civ. P. 41(b), which provides:

> **(b) Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication on the merits.

The third-party defendants cite no other law or precedent in support of their motion. They argue that defendants' delay in obtaining new counsel has prejudiced them in the discovery process. Specifically, the claim that the third-party defendants have served 61 requests for production on defendants, and defendants have not produced a single document. The third-party defendants also argue that the discovery cutoff has already passed, and they will not be able to conduct adequate discovery to defend against the third-party claims.

A dismissal under Rule 41(b), unless otherwise specified by the court, is treated as a dismissal with prejudice. Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497 (2001). In order to impose such a harsh sanction, the Court must consider the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

Olsen v. Mapes, 333 F.3d 1199 (10th Cir. 2003).  Based on these factors, dismissal with prejudice is not appropriate.  The third-party defendants' complaints about defendants' conduct can be addressed in other ways rather than dismissal.  In particular, the Court is hesitant to order a dismissal for defendants' alleged failure to participate in discovery when the third-party defendants have not filed a motion to compel or have not sought some lesser sanction before moving for dismissal.  See Mobley v. McCormick, 40 F.3d 337, 341 (10th Cir. 1994); Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992).  For a dismissal under Rule 41(b), the moving party must show a pattern of repeated misconduct during the discovery process.  Jones v. Thompson, 996 F.2d 261 (10th Cir. 1993).  Although defendants have delayed the progress of this litigation, it is not clear that they purposefully delayed the litigation or that the third-party defendants have pursued other remedies available under the Federal Rules of Civil Procedure to move the litigation along.

At this time, defendants have complied with the Court's April 23, 2007 order and they are represented by counsel.  Although they requested an extension of time, they obtained new counsel within the extended period of time permitted by the Court and they did not technically violate any order of this Court.  In addition, the Court does not find that the third-party defendants were prejudiced by any delay.  The third-party defendants could have moved for an order to compel discovery or they could have asked the Court to amend the scheduling order at any time.  However, they filed a motion to dismiss and, while that motion was pending, they did not seek any other remedy from the Court to expedite the litigation.  Under these facts, the Court does not find that dismissal, with or without prejudice, is an appropriate sanction.

A new scheduling order providing all parties, including the plaintiff, sufficient time to conduct discovery now that defendants are represented by new counsel, is being entered.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss as Sanction for Failure to Comply with April 23, 2007 Order of the Court (Dkt. # 39) is **denied**.

**DATED** this 16th day of July, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT