IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTTSDALE INSURANCE CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 06-CV-359-CVE-SAJ |
| | ) |
| OKLAHOMA TRANSIT AUTHORITY, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter comes before the Court on the Unopposed Motion to Continue Settlement Conference of Defendant Oklahoma Transit Authority ("OTA"). [Dkt. # 64]. For the reasons set forth below, the motion is **DENIED**.

This case was filed in July 2006. In their Joint Status Report [Dkt. # 18], filed in September 2006, the parties indicated they would be ready for a settlement conference after the close of discovery in March 2007. Accordingly, a settlement conference was scheduled for April 6, 2007. [Dkt. # 30]. Thereafter, at the parties' request [Dkt. # 34], the conference was rescheduled for June 22, 2007, [Dkt. # 35] in order to accommodate newly-added Third-Party Defendants. On May 30, 2007, OTA requested that the settlement conference be continued because it was not sure it would have new counsel in time. [Dkt. # 41]. The conference was reset for September 21, 2007 [Dkt. # 45].

Despite repeated Court orders and the threat of a Show Cause Hearing, [Dkt. ## 37, 40, 44], OTA did not secure new counsel until July 5, 2007. [Dkt. # 46].

An Amended Scheduling Order has been in place in this matter since July 18, 2007 [Dkt. # 52]. The time to amend pleadings – as well as the discovery deadline – has passed. Dispositive motions are due in less than a month.

OTA has asked the Court to permit it to amend its Answer herein and add counterclaims for breach of contract and bad faith [Dkt. # 53], and further requests that the settlement conference be continued again until the Court rules on the motion to amend.

### *Discussion*

Litigation in federal court requires a seriousness of purpose. Parties are required to assess the factual circumstances of the case and evaluate their claims and defenses in a timely fashion. The Court depends on counsel to perform a timely assessment of the case. Thus, when the parties in this case indicated that a settlement conference was appropriate in early 2007, the Court marshaled its resources – including those of an Adjunct Settlement Judge – and endeavored to give the parties the best opportunity for a resolution of their dispute without the cost and expense of trial. This case has been scheduled and re-scheduled for settlement conference three times. Some rescheduling of settlement conferences is often necessary, but the parties have had ample time to prepare for this conference and can assess the significance of OTA counterclaims, should they be permitted. Additional delay will only further inconvenience the Court's personnel who administer this settlement program and the Adjunct Settlement Judge who has altered his schedule three times to accommodate the parties.

OTA's counsel recites that he is "not in a position to encourage his clients to settle at this point in the litigation." The case has been pending for more than a year. If

counsel is not in a position to assess the case for settlement, OTA's corporate representative will have to assume that responsibility. Ultimately, it is the party who must make the settlement decision. The undersigned finds no valid reason for further postponing this settlement conference.

For these reasons, OTA's motion to continue is **DENIED.**

DATED this 19th day of September 2007.

Paul J. Cleary
United States Magistrate Judge